

FILED
EASTERN ... OF LA.
2017 NOV -2 P 4: 03
WILLIAM W. BLEVINS
CLERK

SEALED

FELONY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

### INDICTMENT FOR CONSPIRACY TO OBSTRUCT AND OBSTRUCTION OF COMMERCE BY ROBBERY, MURDER, VIOLATIONS OF THE FEDERAL GUN CONTROL ACT, AND OBSTRUCTION OF A GRAND JURY PROCEEDING

17-201

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO.** |
| v. | * | **SECTION:** SECT. I MAG. 3 |
| | * | **VIOLATIONS:** 18 U.S.C. § 1951(a) |
| **LILBEAR GEORGE,** | | 18 U.S.C. § 924(c)(1)(A) |
| aka "Bear," "Allen Santee" | * | 18 U.S.C. § 924(j)(1) |
| **JEREMY ESTEVES** | | 18 U.S.C. § 1512(c)(1) |
| aka "Pipe" | * | 18 U.S.C. § 1111 |
| **CURTIS JOHNSON, JR.,** | | 18 U.S.C. § 2 |
| aka "Blow" | * | |
| **CHUKWUDI OFOMATA** | | |
| aka "Chuck" | * | |
| **ROBERT BRUMFIELD, III** | | |
| aka "Lil Rob" | * | |
| **JASMINE THEOPHILE** | | |
| | * * * | |

The Grand Jury charges that:

## COUNT 1

**A**   **AT ALL TIMES MATERIAL HEREIN:**

1. Loomis Armored US (hereinafter "Loomis") was a business engaged in the security and transportation of money, along with other security services, that affected the movement of any article or commodity in interstate and foreign commerce.

2. Chase Bank was located at 2331 S. Carrollton Avenue, New Orleans.

X  Fee USA
___ Process
X  Dktd
___ CtRmDep
___ Doc. No.

B. **THE CONSPIRACY:**

From a time unknown to the Grand Jury up to and including on or about December 18, 2013, in the Eastern District of Louisiana and elsewhere, **LILBEAR GEORGE, aka "Bear," aka "Allen Santee," JEREMY ESTEVES, aka "Pipe," CURTIS JOHNSON, JR., aka "Blow," CHUKWUDI OFOMATA, aka "Chuck,"** and **ROBERT BRUMFIELD, III, aka "Lil Rob,"** did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), respectively, by taking U.S. currency and property from the presence and custody of Loomis security guards at Chase Bank, against such persons' will, by means of actual and threatened force, violence, and fear of injury to such persons.

C. **OVERT ACTS:**

Counts 2 – 4 of this Indictment are incorporated by reference herein and are further alleged as overt acts in furtherance of the conspiracy alleged herein.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 2

A. **AT ALL TIMES MATERIAL HEREIN:** The allegations in Section A of Count 1 are incorporated by reference herein.

B. On or about December 12, 2013, in the Eastern District of Louisiana, **LILBEAR GEORGE, aka "Bear," aka "Allen Santee," JEREMY ESTEVES, aka "Pipe," CURTIS JOHNSON, JR., aka "Blow," CHUKWUDI OFOMATA, aka "Chuck,"** and **ROBERT BRUMFIELD, III, aka "Lil Rob,"** defendants herein, aiding and abetting each other, did

knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), respectively, by taking U.S. currency and property from the presence and custody of Loomis security guards at Chase Bank, against such persons' will, by means of actual and threatened force, violence, and fear of injury to such persons; all in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 3

On or about December 18, 2013, in the Eastern District of Louisiana, **LILBEAR GEORGE**, aka "Bear," aka "Allen Santee," **JEREMY ESTEVES,** aka "Pipe," **CURTIS JOHNSON, JR.,** aka "Blow," **CHUKWUDI OFOMATA**, aka "Chuck," and **ROBERT BRUMFIELD, III, aka "Lil Rob,"** defendants herein, aiding and abetting each other, did knowingly use, carry, brandish, and discharge firearms during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1951(a) and 2, as set forth in Counts 1 and 2 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2, and in the course thereof caused the death of Hector Trochez through the use of firearms, and the killing is murder as defined in Title 18, United States Code, Section 1111, in that the murder was committed in perpetration of a robbery affecting commerce; all in violation of Title 18, United States Code, Sections 924(c), 924(j)(1), and 2.

## COUNT 4

Between December 18, 2013, and April 17, 2014, said dates being approximate, in the Eastern District of Louisiana, **LILBEAR GEORGE, aka "Bear," aka "Allen Santee,"** and **JASMINE THEOPHILE,** defendants herein, aiding and abetting each other, did attempt to and

3

corruptly alter, destroy, mutilate, and conceal an object, that is, a cellular telephone and the information contained thereon, with the intent to impair the object's integrity or availability for use in an official proceeding, that is, a federal grand jury; all in violation of Title, 18, United States Code, Sections 1512(c)(1) and 2.

## NOTICE OF OBSTRUCTION OF COMMERCE BY ROBBERY FORFEITURE

1. The allegations of Counts 1 and 2 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1951 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Counts 1 and 2, defendants, **LILBEAR GEORGE, aka "Bear," aka "Allen Santee," JEREMY ESTEVES, aka "Pipe," CURTIS JOHNSON JR., aka "Blow," CHUKWUDI OFOMATA, aka "Chuck," and ROBERT BRUMFIELD, III, aka "Lil Rob,"** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1951. The government specifically provides notice of its intent to seek a personal money judgment against the defendants in the amount of the fraudulently-obtained proceeds.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

  All in violation of Title 18, United States Code, Sections 1951 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

## NOTICE OF GUN FORFEITURE

  1. The allegations of Count 3 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

  2. As a result of the offenses alleged in Count 3, defendants, **LILBEAR GEORGE, aka "Bear," aka "Allen Santee," JEREMY ESTEVES, aka "Pipe," CURTIS JOHNSON, JR., aka "Blow," CHUKWUDI OFOMATA, aka "Chuck," and ROBERT BRUMFIELD, III, aka "Lil Rob,"** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, any firearm or ammunition, which was involved in or used in knowing violations of Title 18, United States Code, Sections 924(c) and 924(j), as alleged in Count 3 of the Indictment.

  3. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 924(c), 924(j) and 924(d)(1).

## NOTICE OF OBSTRUCTION OF A GRAND JURY PROCEEDING FORFEITURE

1. The allegations of Count 4 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1512 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offense alleged in Count 4, defendants, **LILBEAR GEORGE, aka "Bear," aka "Allen Santee," and JASMINE THEOPHILE,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1512.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1512 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

## NOTICE OF SPECIAL FINDINGS

I.    The Grand Jury hereby incorporates by reference and re-alleges the accusations of Counts 1 through 4 of this Indictment.

II.    As to Count 3 of the Indictment, defendant, **LILBEAR GEORGE, aka "Bear," aka "Allen Santee,"**:

      a.      was 18 years of age or older at the time of the offense;

      b.      intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Hector Trochez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

      c.      intentionally and specifically engaged in an act of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constitutes a reckless disregard for human life, and, Hector Trochez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

      d.      in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

e.     committed the offense as consideration for the receipt and in expectation of the receipt of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8));

f.     committed the offense after substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

As to Count 3 of the Indictment, defendant **JEREMY ESTEVES, aka "Pipe,"**:

a.     was 18 years of age or older at the time of the offense;

b.     intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Hector Trochez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.     intentionally and specifically engaged in an act of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constitutes a reckless disregard for human life, and, Hector Trochez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d.     in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

e.     committed the offense as consideration for the receipt and in expectation of the receipt of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8));

f.     committed the offense after substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

As to Count 3 of the Indictment, defendant **CURTIS JOHNSON, JR., aka "Blow,"**:

a.     was 18 years of age or older at the time of the offense;

b.     intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Hector Trochez died as a direct result of the act (Title 18, United

  States Code, Section 3591(a)(2)(C));

c.  intentionally and specifically engaged in an act of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constitutes a reckless disregard for human life, and, Hector Trochez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d.  in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

e.  committed the offense as consideration for the receipt and in expectation of the receipt of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8));

f.  committed the offense after substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

As to Count 3 of the Indictment, defendant **CHUKWUDI OFOMATA, aka "Chuck,"**:

a.  was 18 years of age or older at the time of the offense;

b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Hector Trochez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.  intentionally and specifically engaged in an act of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constitutes a reckless disregard for human life, and, Hector Trochez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d.  in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

e.  committed the offense as consideration for the receipt and in expectation of the receipt of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8));

f.     committed the offense after substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

As to Count 3 of the Indictment, defendant **ROBERT BRUMFIELD, III, aka "Lil Rob,"**:

a.     was 18 years of age or older at the time of the offense;

b.     intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Hector Trochez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));\

c.     committed the offense as consideration for the receipt and in expectation of the receipt of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8));

d.     committed the offense after substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)).

A TRUE BILL:

[signature redacted]

DUANE A. EVANS
ACTING UNITED STATES ATTORNEY

*[signature: Michael E. McMahon]*

MICHAEL E. MCMAHON
Assistant United States Attorney
Louisiana Bar Roll No. 10095

New Orleans, Louisiana
November 2, 2017

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

Eastern  District of  Louisiana

Criminal  Division

## THE UNITED STATES OF AMERICA

vs.

LILBEAR GEORGE, aka "Bear," "Allen Santee"
JEREMY ESTEVES aka "Pipe"
CURTIS JOHNSON JR aka "Blow"
CHUKWUDI OFOMATA aka "Chuck"
ROBERT BRUMFIELD III aka "Lil Rob"
JASMINE THEOPHILE

## INDICTMENT

FOR CONSPIRACY TO OBSTRUCT AND OBSTRUCTION OF COMMERCE BY ROBBERY, MURDER, VIOLATIONS OF THE FEDERAL GUN CONTROL ACT, AND OBSTRUCTION OF A GRAND JURY PROCEEDING

VIOLATIONS: 18 U.S.C. § 1111, 18 U.S.C. § 1512(c)(1), 18 U.S.C. § 1951(a), 18 U.S.C. § 924(c)(1)(A), 18 U.S.C. § 924(j), 18 U.S.C. § 2

A true bill: [redacted]

Filed in open court this _____ day of _____ A.D. 2017.

_____
Clerk

Bail, $ _____

_____
MICHAEL E. MCMAHON
Assistant United States Attorney